IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARIAN BROUSSARD and TEDERAL JEFFERSON, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:13-cv-1399-M (BF) |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil action brought by Plaintiffs Darian Broussard and Tederal Jefferson against Deutsche Bank National Trust Company ("Deutsche Bank") and others arising out of foreclosure proceedings initiated against certain real property located in Desoto, Texas. Because Plaintiffs paid the statutory filing fee, the Court advised them that they were responsible for serving the defendants with a summons and complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* Order, 4/24/13 (citing Fed. R. Civ. P. 4(c)). Plaintiffs were told that any defendant not served within 120 days after the complaint was filed would be subject to dismissal without prejudice. *See id.* (citing Fed. R. Civ. P. 4(m)). Shortly before the 120-day period expired, Plaintiffs filed an amended complaint which seeks relief against Deutsche Bank only. *See* Plf. 2d Am. Compl. (Doc. 11) at 2. Still, there was no indication that Plaintiffs had served Deutsche Bank. The Court thus ordered Plaintiffs to show cause why their remaining claims should not be dismissed without prejudice for failure to effect service on Deutsche Bank. *See* Order to Show Cause, 8/12/2013. The Show Cause Order warns that "[u]nless Plaintiffs demonstrate good cause for failing

to serve the defendants with a summons and a copy of the complaint, the Court intends to recommend dismissal of this action without further notice." *See id.* at 2. Plaintiffs were ordered to file a written response to the Show Cause Order by August 30, 2013, but failed to do so.

Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, *the court* -- on motion or on its own after notice to the plaintiff -- *must dismiss the action without prejudice against that defendant* or order that service be made within a specified time.

FED. R. CIV. P. 4(m) (emphasis added). More than 120 days have elapsed since this case was filed, and Plaintiffs have not served Deutsche Bank. The Court previously directed Plaintiffs to file a response by August 30, 2013 demonstrating good cause for their failure to properly serve Deutsche Bank. Plaintiffs were warned that their failure to establish good cause would result in the dismissal of all claims against this sole remaining defendant. *See* Order to Show Cause, 8/12/2013 at 2. Plaintiffs have not filed a response establishing good cause for failing to properly serve Deutsche Bank. Accordingly, Plaintiffs' claims against Deutsche Bank should be dismissed without prejudice.

## RECOMMENDATION

All claims against Deutsche Bank National Trust Company should be DISMISSED without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

SO RECOMMENDED, September 4, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).